UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

DENISE CRUMWELL, on behalf of herself and all others similarly situated,

                                           Plaintiffs,

                  - against -

FFF+US, INC.,

                                        Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

:
:
:
:
:
:
:
:
:
:
:
:

No. 1:25-cv-07986-JPO

**CONSENT DECREE**

This Consent Decree is entered into as of the Effective Date (as defined in paragraph 9 herein), by and between Plaintiff Denise Crumwell ("Plaintiff") and Defendant FFF+US, Inc. ("Defendant"). Plaintiff and Defendant collectively referred to as the "Parties."

**RECITALS**

1.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.      On September 29, 2025, Plaintiff filed the above-captioned action against Defendant in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges she is visually impaired and legally blind and that she encountered access barriers on Defendant's website, www.meandem.com/us (the "Website"), including the failure to provide a text equivalent for many non-text elements and all product information in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, et. seq. ("ADA"), the New York State Civil Rights Law, § 40 et. seq. and § 40-c et. seq. ("NYSCRL"), the New York State Human

Rights Law, N.Y. Exec. Law § 290 et. seq. ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et. seq. ("NYCHRL") and the New York State General Business Law § 349 (the "GBL") (the "Claims").

3.      Defendant expressly denies Plaintiff's allegations and contentions including all allegations that the Website violates any federal, state or local law, including but not limited to the ADA, the NYSHRL, the NYCHRL and the GBL (collectively "Disability Laws"), and any wrongdoing or liability whatsoever. By entering into this Consent Decree, Defendant does not admit any wrongdoing.

4.      This Consent Decree resolves, settles and compromises all disputes, controversies, and issues between the Parties, including but not limited to the claims which were raised or could have been raised in this Action with respect to the Website, together with costs, damages, attorneys' fees, experts' fees, or other financial matters, as referenced herein and as more fully addressed herein.

## JURISDICTION

5.      Plaintiff alleges that Defendant is a private corporate entity that owns and operates the Website, which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA, 42 U.S.C. § 12181(7); 12182(a). Defendant denies that the Website is a place of public accommodation or otherwise subject to or operates in a manner that violates Title III of the ADA or any of the Disability Laws.

6.  This Court has jurisdiction over this Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that venue is appropriate for purposes of the Action and this Consent Decree.

2

## AGREED RESOLUTION

7.      The Parties agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms.  Accordingly, the Parties agree to enter into this Consent Decree without the need for and expense of protracted litigation, without the admission of any liability or wrongdoing by Defendant, and without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages. In resolving this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

8.      "Action" refers to the above-captioned case, including all claims and allegations brought by Plaintiff in the Complaint.

9.      "Effective Date" means the date on which this Consent Decree is entered on the Court's docket sheet as "filed and recorded."

10.      "Expiration Date" means twenty-four (24) months after the Effective Date of the Consent Decree.

11.      "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 22 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts involving a level of cost, difficulty or impact on the Website that could constitute an undue burden, as defined in the Disability Laws but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website -

3

or the primary functions related thereto, or which could result in a loss of revenue or traffic on Defendant's Website-related operations.

## TERM

12.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect through the Expiration Date.

## COMPLIANCE WITH TITLE III OF THE ADA

13.     On or before the Expiration Date, Defendant agrees to use Reasonable Efforts (defined below) to improve the accessibility of the Website, if in existence, to persons with disabilities (defined in Paragraph 19) including by using the Web Content Accessibility Guidelines ("WCAG") 2.0 standards (the "Standards") as a guide. Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the Standards, Defendant shall have the option of complying with that legal standard within the timeframe provided by the regulations instead of the Standards, which option it may exercise in its sole discretion.

14.     Notwithstanding the foregoing, Third-Party Content on Defendant's website will not be required to meet the Standards. The term "Third-Party Content" refers to web content that is not controlled, developed, or owned by Defendant or any of its subsidiaries, parents, or affiliates.

## SPECIFIC RELIEF TO INDIVIDUALLY PLAINTIFF

15.     Specific Relief: The Plaintiff and the Defendant have agreed to settle all matters relating to all statutory and other damages, penalties, attorneys' fees, experts' fees, litigation expenses, costs, and other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") which is not incorporated into this Consent Decree.

4

## PROCEDURES IN THE EVENT OF DISPUTES

16.    The procedures set forth in Paragraphs 16 through 22 must be exhausted in the event that (a) Plaintiff, or any other person to whose benefit this Agreement is intended to inure under Paragraph 24, alleges that Defendant has failed to meet their obligations pursuant to this Consent Decree, (b) Defendant's ability to meet this deadline is delayed for reasons outside of its control, or (c) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

17.    If a party believes the other party has not complied in all material respects with any provision of the Consent Decree, the enforcing party shall provide the responding party with written notice of non-compliance containing the following information: (a) the alleged act of non-compliance; (b) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (c) a statement of the remedial action sought; and (d) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the party's position. All notifications must include reasonable detail and shall be sent in the manner set forth in Paragraph 22.

18.    The responding Party shall have sixty (60) days within which to furnish a written response. The Parties shall thereafter meet and confer in good faith in an attempt to resolve any such dispute.

19.    If the Parties are unable to reach a mutually acceptable resolution within thirty (30) days of the meeting referenced above, or any extension thereof, the Parties will each have an additional thirty (30) days to select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on

whether a person, who is blind or visually impaired and uses a screen reader software and has average screen reader competency, can adequately utilize the Website.

20. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that the Website cannot be adequately utilized by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of the Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts or  the Website can be adequately utilized by a person with a disability who has average screen reader competency, Defendant shall not be obligated to remedy that item or make additional changes to the Website.

21. Any of the time periods set forth in Paragraphs 16 through 20 may be extended by mutual agreement of the Parties and/or by order of the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

22. All notices and communications shall be through the Party's counsel. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For Plaintiff:

Jeffrey M. Gottlieb
**Gottlieb & Associates PLLC**
150 East 18th Street, Suite PHR
New York, New York 10003
Jeffrey@Gottlieb.legal
Telephone: (212) 228-9795

For Defendant:

Steven M. Stimell
**Bryan Cave Leighton Paisner LLP**
1290 Avenue of the Americas
New York, New York 10104
steven.stimell@bclplaw.com
Telephone: (212) 541-2042

## PERSONS BOUND AND INTENDED THIRD PARTY BENEFICIARIES

23.     The signatories represent that they have the authority to bind the respective Parties, Plaintiff and Defendant to this Consent Decree.

24.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who are blind, have low vision, utilize a screen reader or other assistive technology software, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

25.     The Parties agree that during the term of this Consent Decree, further litigation over similar website accessibility claims under either federal law or similar state laws, whether by Plaintiff or others, would distract from the ability of Defendant to conduct meaningful remediation and frustrate the purpose of both the Consent Decree and the Disability Laws Plaintiff seeks to enforce.

## ADDITIONAL PROVISIONS

26.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

27.     This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 2, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 2, shall be enforceable, other than the Settlement Agreement.

28.     No change or modification of this Consent Decree shall be valid unless in writing and signed by authorized representatives of all Parties, and approved of by the Court.

29.     The partial or complete invalidity of any one or more provisions of this Consent Decree shall not affect the validity or continuing force and effect of any other provision.

30.     The Parties have participated fully in the negotiation and preparation of this Consent Decree, and have both had the opportunity to consult with counsel of their own choosing, and, accordingly, this Consent Decree shall not be more strictly construed against any one of the Parties by virtue of any alleged drafter.

Plaintiff

Dated: 1/23/26

Denise Crumwell (Jan 22, 2026 21:46:49 PST)

Denise Crumwell

Defendant, FFF+US, Inc.

Signed by:

Phil Mickler

Dated: January 23, 2026

1D115EDDFE924D4...

[NAME]

8

Docusign Envelope ID: 0C896502-1B8B-45AD-9355-FDF56D5B7113

Approved as to form and content:

GOTTLIEB & ASSOCIATES PLLC

*jeffrey gottlieb*

Dated: 1/23/26

Jeffrey Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: 212-228-9795
Jeffrey@Gottlieb.legal
*Attorneys for Plaintiff*

Bryan Cave Leighton Paisner LLP

Dated: 1/26/2026

Laurie Belony
1290 Avenue of the Americas, 35th Floor
New York, New York 10104
Telephone: (212) 541-2000
laurie.belony@bclplaw.com
*Attorneys for Defendant*

9

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1)      This Court has personal jurisdiction over the Action under 28 U.S.C. § 1331;

2)      The provisions of this Consent Decree shall be binding upon the Parties;

3)      Entry of this Consent Decree is in the public interest;

4)      This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the complaint or any other pleading in this Action, nor does it constitute any finding of liability or wrongdoing against Defendant;

5)      The Plaintiff is acting as a private attorney general in bringing this Action and enforcing the Disability Laws; and

6)      This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Action.

NOW THEREFORE, the Court approves this Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

So ordered.

Date: February 5, 2026

J. PAUL OETKEN
United States District Judge

cc: Counsel of record via CM/ECF

10